IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MITCHELL E. BOUYER, SR., et al.,

      Plaintiffs,                    CIV. NO. S- 08-3022 GEB GGH PS

    vs.

GMAC MORTGAGE,

                                      <u>ORDER and FINDINGS AND<br>RECOMMENDATIONS</u>

      Defendant.

_____/

        Plaintiffs are proceeding in this action pro se and have paid the filing fee. Previously pending on this court's law and motion calendar for June 18, 2009 were defendant's motion to set aside entry of default and motion to dismiss, and this court's order to show cause for plaintiffs' failure to file oppositions to the motions. Also before the court is plaintiffs' motion for default judgment. Plaintiffs appeared in pro se. Defendant was represented by Marcus Brown. After hearing oral argument and reviewing the parties' papers, the court now issues the following order.

<u>ORDER TO SHOW CAUSE</u>

        Plaintiffs timely responded to the court's order and have shown good cause for their failures. Therefore, the order to show cause will be discharged and sanctions will not be

imposed.

MOTION TO SET ASIDE ENTRY OF DEFAULT

Plaintiffs have filed a statement of non-opposition to this motion. Therefore, the motion will be granted. Consequently, plaintiffs' motion for default judgment will be denied as moot.

SUBJECT MATTER JURISDICTION

Defendant moves to dismiss this action for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The complaint as pled, does not contain a basis for federal subject matter jurisdiction.

A district court has an independent duty to examine its own jurisdiction, which is ordinarily determined from the face of the complaint. Sparta Surgical Corp. v. National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966 (1998), and Ultramar America Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990).

At hearing, the parties stipulated to the facts underlying diversity jurisdiction.[1] Defective pleading can be cured where diversity is defectively pled. 28 U.S.C. § 1653; Snell v. Cleveland, 316 F.3d 822, 824, 828 (9th Cir. 2002) ("complaint inadequately alleged facts necessary to establish diversity jurisdiction" but actual diversity existed so amendment was permitted). Therefore, when plaintiffs amend the complaint, they shall allege diversity jurisdiction.

MOTION TO DISMISS

I. Legal Standards

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

---

[1] At hearing, defendant represented that it was incorporated in Delaware and that its principal place of business was not in California.

2

it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

Federal Rule of Civil Procedure 9, titled "Pleading Special Matters," provides as follows with regard to claims of "Fraud or Mistake; Conditions of Mind:"

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). Accordingly, pursuant to Rule 9(b), a plaintiff at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. In re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[2]

II. Analysis

Turning to the merits of defendant's motion, it is apparent that certain allegations are not properly pled and do not state a claim.

\\\\\

---

[2] In addition, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

Plaintiffs allege that defendant GMAC Mortgage committed fraud, usury, abuse of process, intentional infliction of emotional distress, and trespass in regard to plaintiffs' real property located in Lodi. The complaint alleges that defendant failed to disclose certain facts and omitted other facts in regard to an agreement between the parties. (Compl. at ¶ 9.) Specifically, plaintiffs allege in part:

> The Defendants ... did not disclose to the Plaintiff(s) that their Promissory Note was the instrument used to secure the credit to purchase the home, and that the bank actually got paid up front on the home using the Plaintiff(s) purchasing, and then immediately sold the Promissory Note, and got paid on it again, without disclosing these facts, to the Plaintiff(s), and then charged interest on credit created by the Promissory Note, including Doe Defendants 1 to 10 Inclusive.

(Compl. at ¶ 19.)

Plaintiffs state that defendant's actions in illegally stealing plaintiffs' property amount to a non judicial foreclosure. (Compl. at ¶ 12, Dkt. #20, ¶ 1.) Each cause of action will be addressed in turn.

　　　　A. Fraud

Plaintiffs allege that defendant failed to disclose, and in fact concealed certain facts in regard to an agreement previously entered into between plaintiffs and defendant, with the knowledge that plaintiffs were not aware of these material facts. (Compl. at ¶¶ 8-11.) The complaint also alleges that defendant "used their titles as Officers to intimidate, and illegally steal the property of Plaintiff(s)." (Id. at ¶ 12.)

The elements of a common law fraud claim under California law are: 1) misrepresentation (false representation, concealment or nondisclosure); 2) knowledge of falsity (or scienter); 3) intent to defraud, i.e. to induce reliance; 4) justifiable reliance; and 5) resulting damage. Agricultural Ins. Co. v. Superior Court, 70 Cal. App. 4th 385, 402, 82 Cal.Rptr. 2d 594, 603 (1999). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's

mind may be alleged generally." FED. R. CIV. P. 9(b).

Firstly, under Iqbal, the claim lacks facial plausability.  Secondly, plaintiffs' conclusory allegation of fraud is insufficient under Rules 9(b) and 12(b)(6) of the Federal Rule of Civil Procedure.  Since this claim is capable of amendment to state a claim, plaintiffs will be given leave to amend this first cause of action under federal and state law.

B.  Usury

A review of the complaint indicates that no amendment can cure the defects in the claim of usury.  Plaintiffs allege:

> The Defendants, and all of them, including Doe Defendants 1 to 10 Inclusive, did not disclose to the Plaintiff(s) that their Promissory Note was the instrument used to secure the credit to purchase the home, and that the bank actually got paid up front on the home using the Plaintiff(s) purchasing, and then immediately sold the Promissory Note, and got paid on it again, without disclosing these facts, to the Plaintiff(s), and then charged interest on credit created by the Promissory Note .... The bank never disclosed the fact that when the plaintiff signed the promissory note, the money for the loan was created, and the bank never lent money, they lent credit.

(Compl at ¶ 19.)

Plaintiffs have also failed to state a cognizable claim for usury.  The essential elements of such a claim under California law are: the transaction must be a loan or forbearance; the interest to be paid must exceed the statutory maximum; the loan and interest must be absolutely repayable by the borrower; and the lender must have the willful intent to enter into a usurious transaction.  Ghirardo v. Antonioli, 8 Cal. 4th 791, 798 (1994); WRI Opportunity Loans II LLC v. Cooper, 154 Cal. App. 4th 525, 533 (2007).  There is a rebuttable presumption that a transaction is not usurious.  Ghirardo, 8 Cal. 4th at 798-99.  A loan that charges an interest rate greater than 10 percent per annum is usurious under California law.  321 Henderson Receivables Origination LLC v. Sioteco, 173 Cal.App.4th 1059, 93 Cal. Rptr.3d 321 (2009), *citing* Regents of University of California v. Superior Court of Alameda County, 17 Cal.3d 533, 536, 131 Cal.Rptr. 228, 551 P.2d 844(1976).

Plaintiffs' cause of action for usury fails because plaintiffs have failed to set forth specific factual allegations in support, such as the rate of interest charged in the transaction at issue, who collected said interest, that it exceeded the maximum rate allowable by law, and that GMAC had a willful intent to enter into a usurious transaction. Plaintiffs cite no California or federal authority in support of this claim. Furthermore, defendant has provided a copy of the Deed of Trust which indicates that the interest rate may not exceed 9.95 percent. Def.'s Ex. 1, Adjustable Rate Rider, at 2.[3] The maximum interest rate allowed by law in California is 10 percent. Cal. Const. Art. XV, § 1(1). The second cause of action for usury should be dismissed without leave to amend. See Jiramoree v. Homeq Servicing, et al., No. CV 08-07511 SJO (Ex), 2009 WL 605817, *1-2 (C.D. Cal. Mar. 9, 2009) (dismissing plaintiff's usury cause action for failure to state a claim stemming from a foreclosure following his default on his mortgage loan).

### C. Abuse of Process

Plaintiffs' claim of abuse of process is similarly defective. The complaint alleges that defendant used its superior knowledge of the law to present knowingly false documents to plaintiffs, knowing plaintiffs were unaware of their falsity, knowing the result would be financial harm to plaintiffs, and that defendant has a documented history of illegal use of their superior legal knowledge. (Compl. at ¶¶ 22-25.) Again, plaintiffs have cited no legal authority in support of this claim, and no factual allegations in support of their conclusory allegations.

In order to state a cognizable claim for the tort of abuse of process under California law a plaintiff must allege that the defendant used the legal process against plaintiff with an ulterior motive and through a willful act of using the legal process in a manner not proper in the regular conduct of the proceedings. Rusheen v. Cohen, 37 Cal. 4th 1048, 1057 (2006); Booker v. Roundtree, 155 Cal. App. 4th 1366, 1371 (2007). The essence of the tort of abuse of process lies in the misuse of the power of the court for the purpose of perpetrating an injustice.

---

[3] The court takes judicial notice of this exhibit which is an official record, recorded in the San Joaquin County Recorder's Office.

There are no facts indicating that defendant abused process in litigation.  Plaintiffs do not even allege that defendant used any legal process, nor do they identify any such legal process.  Plaintiffs' vague and conclusory allegations do not address the essential elements of a tort claim for abuse of process, and are clearly insufficient.  This third cause of action should be dismissed without leave to amend.

      D.   Intentional Infliction of Emotional Distress

In support of the cause of action of intentional infliction of emotional distress, the complaint alleges that defendant intentionally provided false information and physically entered "the property"[4] without permission.  (Compl. at ¶ 28.)

To state a claim for intentional infliction of emotional distress under California law a plaintiff must allege:  (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) plaintiff's suffering of severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991); Cervantez v. J.C. Penney Co., 24 Cal. 3d 579, 593 (1979).

Defendant is correct in asserting that the tort of intentional infliction of emotional distress may not be alleged where the action is proceeding in contract.  "[D]amages for mental suffering and emotional distress are generally not compensable in contract actions." Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 516, 28 Cal. Rptr.2d 475 (1994), *citing* Sawyer v. Bank of America , 83 Cal.App.3d 135, 139,145 Cal.Rptr. 623 (1978).

In this case, the genesis of plaintiffs' claim sounds in contract, the alleged misrepresentation and breach of the mortgage agreement.  Even if the tort of intentional infliction of emotional distress is considered, plaintiffs have not stated a claim.  The complaint does not

---

[4] Plaintiffs do not allege that the property referenced belongs to them.

allege facts suggesting that any conduct engaged in by defendant was extreme or outrageous, nor does the complaint allege facts showing that defendant acted with the requisite intent or that plaintiffs have suffered severe or extreme emotional distress as a result of defendant's conduct. Therefore, the claim for intentional infliction of emotional distress should be dismissed with prejudice.

E.  Trespass

The final cause of action for trespass alleges that defendant trespassed "on private land[5] protected by a federal land patent." (Compl. at ¶ 30.)

California law requires that in order to state a claim for trespass a plaintiff must allege that: plaintiff was in lawful possession of the real property; defendant engaged in a wrongful physical invasion or intrusion on the property; and damages were proximately caused to plaintiff by defendant's intrusion on the property. See Smith v. Cap Concrete, Inc., 133 Cal. App. 3d 769, 774-75 (1982). In order to maintain an action for trespass, a plaintiff must be in actual possession of the property or have a present right of possession. Miller and Starr, 6 California Real Estate § 16:29 (3d Ed. Supp. 2009). In their complaint, plaintiffs have failed to allege facts addressing these essential elements of a civil trespass claim. (Compl. at ¶ 30.) Plaintiffs have not alleged their ownership or lawful possession of the property in question, nor have they alleged a specific intrusion by defendant or any damage incurred thereby. Moreover, according to the deed of trust, defendant as lender had authority to enter the property under certain conditions. Def.'s Ex., ¶¶ 7, 22. Defendant points out that Cal. Civil Code § 2924f(b)(1) provides that "[a] copy of the notice of sale shall also be posted in a conspicuous place on the property to be sold at least 20 days before the date of sale, where possible and where not restricted for any reason." Accordingly, this claim should be dismissed with prejudice as well.

\\\\\

---

[5] Plaintiffs do not allege that defendant trespassed on *plaintiffs'* property.

1  The undersigned has carefully considered whether plaintiffs may amend their complaint to state any claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). Leave to amend would clearly be futile in this instance for the claims of usury, abuse of process, intentional infliction of emotional distress, and trespass, given the deficiencies of plaintiffs' complaint discussed above. Accordingly, the undersigned will recommend that these claims be dismissed with prejudice.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. The order to show cause, issued May 20, 2009, (dkt. #19), is discharged.

2. Defendant's motion to set aside entry of default, filed April 16, 2009, (dkt. #8), is granted.

3. Plaintiffs' motion for default judgment, filed March 9, 2009, (dkt. #7), is denied as moot.

4. Defendant's motion to dismiss, filed April 16, 2009, (dkt. #12), is granted in part and denied in part.

5. Plaintiffs shall file an amended complaint for fraud only, within thirty days of this order.

IT IS RECOMMENDED that the claims of usury, abuse of process, intentional infliction of emotional distress, and trespass be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file and

1  serve written objections with the court.  A document containing objections should be titled

2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

3  shall be filed and served within five days after the objections are served.  The parties are advised

4  that failure to file objections within the specified time may, under certain circumstances, waive

5  the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

6  1991).

7  DATED:   09/02/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Bouyer3022.mtd.wpd