IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MITCHELL E. BOUYER, SR., et al.,

        Plaintiffs,                CIV. NO. S-08-3022 GEB GGH PS

    vs.

GMAC MORTGAGE,

        Defendant.               FINDINGS & RECOMMENDATIONS

_____/

        By order and findings and recommendations filed September 3, 2009, four out of five causes of action in the complaint were dismissed, and plaintiffs were directed to file within thirty days, an amended complaint as to their fraud claim only. The thirty day period has now expired, and plaintiffs have not filed an amended complaint or otherwise responded to the court's order.

        "District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir.1998). Before dismissing a case for failure to comply with a court order, the district court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65

1  (9th Cir. 1986).

2          In determining to recommend that this action be dismissed, the court has considered the factors set forth in Henderson.  Plaintiffs' failure to comply with the court's order has impeded expeditious resolution of the instant litigation and has burdened the court's docket, consuming scarce judicial resources in addressing litigation which plaintiffs demonstrate no intention to pursue.  Although public policy favors disposition of cases on their merits, plaintiffs' failure to respond to the court's order has precluded the court from considering the merits of this action.  In addition, defendant necessarily is prejudiced by delay in promptly initiating an action.  Finally, the court concludes that there is no suitable alternative sanction, plaintiffs apparently having no intent to conduct this litigation in accord with accepted practice.

        Accordingly, for the reasons set forth in the order and findings and recommendations filed September 3, 2009, and for plaintiffs' failure to comply with that order, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.  See Local Rule 110 (E.D. Cal.); Fed. R. Civ. P. 41(b).

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiffs may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within fourteen days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 17, 2009

                                /s/ Gregory G. Hollows
                                _____
                                UNITED STATES MAGISTRATE JUDGE

GGH:076/Bouyer3022.fta.wpd